IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-06-266**
:
**v.** :
:
**ANTHONY JEROME WHITE** :

## **M E M O R A N D U M**

## **I.      Introduction**

Before the court is Defendant Anthony Jerome White's motion and supporting brief for relief pursuant to 28 U.S.C. § 2255.  On November 15, 2010, this court issued an Administrative Order and Notice of Limitations on Filing Motions Under 28 U.S.C. § 2255 (doc. 116).  On December 21, 2010, this court directed the Government to show cause why White should not be granted relief.  On January 20, 2011, the Government filed its response to the § 2255 motion.  After being granted an extension of time, Petitioner filed a traverse to the government's response on March 31, 2011.  The matter is ripe for consideration.

## **II.     Background**

On August 2, 2006, the grand jury returned a four-count Indictment charging White with (1) possession of a firearm by a previously convicted felon; (2) possession of a firearm in furtherance of drug trafficking; (3) conspiracy to distribute and possess with intent to distribute marijuana and five grams and more of crack cocaine; and (4) distribution and possession with intent to distribute marijuana and five grams and more of crack cocaine.  On March 28, 2007, the grand jury returned a Superseding Indictment which increased the quantity of cocaine referenced in Counts

3 and 4 from 5 grams to 50 grams; expanded the time period of the criminal conduct, and added a fifth count – a charge of illegal alien in possession of a firearm.

After an initial substitution of counsel and six continuances, a non-jury trial was held on July 10-11, 2007. This court announced a verdict of guilty on all counts on July 16, 2007. White was sentenced on October 17, 2007. White filed a direct appeal and, on November 17, 2008, the Third Circuit Court of Appeals filed an opinion and order affirming the Judgment and Conviction.

### III.        Discussion

In his 28 U.S.C. § 2255 motion, White presents claims that fall into two categories. The first category is alleged errors by the court. White claims that the court erred (1) in accepting his waiver of his right to a jury trial; (2) in refusing to disqualify counsel; and (3) that the court's determination of drug weights was not supported by the evidence.

The second category are claims of ineffective assistance of counsel. White claims that counsel was ineffective for (1) failing to file a motion to suppress; (2) permitting White to waive a jury trial; (3) failing to challenge drug weights, drug purchases, and prior bad acts; and (4) failing to challenge the evidence regarding possession of a firearm in furtherance of drug trafficking.

#### A. Errors by the Court
##### 1. Waiver of Jury Trial

On May 23, 2007, a colloquy was held concerning White's request for a bench trial. This court advised White that in a jury trial he would assist his counsel in selecting 12 jurors and alternate jurors and that in order for him to be convicted, all 12 jurors would have to unanimously agree upon his guilt. (Hearing of May 23, 2007,

doc. 118, at pp. 2-3.)  The court further explained that an important difference between a jury trial and a non-jury trial "is that [in a jury trial], you have 12 people who have to agree whereas in a trial before a judge alone, I decide all of the legal and factual issues and also make a decision on your guilt or innocence."  (*Id.* at p. 3.)  In addition, the court advised White that in either proceeding, the burden of proof beyond a reasonable doubt was on the government and that he was presumed innocent.  (*Id.* at p. 3.)  In response to the court's queries, White stated he understood each right and concept explained and had no questions.  (*Id.* at pp. 2-4.)  He told the court, "I don't feel the need to have a jury trial."  (*Id.* at p. 3.)

White also signed a written jury trial waiver.  In that signed waiver, he acknowledged he had been "advised of the various rights and protections inherent in a jury trial, including that a jury decision finding my guilt must be unanimous, but I choose a bench trial."  (Doc. 38.)

White now claims in his traverse that his waiver was not knowingly, voluntarily, and intelligently made because he was mentally ill at the time, suffering from schizophrenia.  There is nothing to support this assertion.  The presentence report, under the heading "Mental and Emotional Health," does not cite to any emotional condition.  It does state that White received anger management classes.  At the time of sentencing, White's mental health was never mentioned.

The record belies any contention that White's waiver of jury trial was other than knowingly and voluntarily entered.

### 2. Refusal to Disqualify Counsel

The issue of disqualification of counsel was raised and disposed of in White's direct appeal.  The Third Circuit Court of Appeals stated, "the District Court did not abuse its discretion in denying the motion to disqualify counsel."  *United*

*States v. White*, 320 Fed. Appx. 120, 124 (3d Cir, 2008). White cannot raise this issue again.

### 3. Drug Weights Not Supported By the Evidence

As noted by the Government in its brief in opposition, this claim is procedurally barred. (*See* doc. 121 at pp. 11-12.)

### B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.) Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' " *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial

process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a *reasonable probability* that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advice given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005).

### 1. Counsel's Failure to File a Suppression Motion

The court adopts the Government's recitation of the facts as to the events surrounding the search and arrest of White. (*See* doc. 121 at pp. 13-14.) Based on the evidence cited by the Government, there was no valid basis to file a motion to suppress. Counsel is not ineffective for failure to pursue a meritless claim.

### 2. Permitting White to Waive His Right to a Jury Trial

For the reasons stated above in section III.A.1., this claim is without any basis.

### 3. Failure to Challenge Admissibility of Drug Weights, Drug Purchases and Prior Bad Acts

White claims that witnesses' testimony is inadmissible but he does not identify which witnesses and why their testimony is inadmissible. White claims that

5

some witnesses' testimony is irrelevant and not probative, but he does not identify those witnesses and why the testimony is irrelevant and not probative. White claims that the purchases of drugs and dates are not precise. He claims counsel failed to interview witnesses but does not state what witnesses counsel failed to interview. And finally, White fails to identify what prior bad acts were introduced at trial. The vagueness of this claim requires this court to consider this argument waived.

### 4. Failure to Argue as to Insufficiency of the Evidence in Furtherance of Drug Trafficking

In response to White's argument as to this claim, as well as to the preceding claim, this court cannot express counsel's performance any better than the Third Circuit Court of Appeals in its opinion on White's direct appeal:

> In addition, White concedes that even after the trial, "there is no evidence of record at this time to show ineffectiveness" of counsel's assistance. Indeed, the trial transcript demonstrates that counsel was prepared for trial: he made numerous objections, appropriately cross-examined key government witnesses, and in his closing argument, attacked the relative paucity of certain evidence offered by the government. Because on this record, White was not prejudiced in his defense, we hold that the District Court did not err in denying a continuance.

*United States v. White*, 320 Fed. Appx. at 125.

As the trier of fact, this court concurs in the Third Circuit Court of Appeals' assessment of counsel's performance. White has failed to show that counsel's performance was ineffective. An appropriate order will be issued.

                                                        s/Sylvia H. Rambo
                                                        United States District Judge

Dated: April 8, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**  :  **CRIMINAL NO. 1:CR-06-266**
:
**v.**  :
:
**ANTHONY JEROME WHITE**  :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

    1) The motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

    2) This court declines to issue a certificate of appealability.

    3) The Clerk of Court shall close the file.

                                       s/Sylvia H. Rambo
                                       United States District Judge

Dated:  April 8, 2011.