IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:06-cr-266 |
| **v.** | : | |
| **ANTHONY JEROME WHITE** | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

Before the court is a motion to correct sentence under 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015).

## I.  Background

On June 24, 2007, Defendant was found guilty at a bench trial of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count 1); possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (Count 2); conspiracy to distribute and possess with intent to distribute crack cocaine and marijuana in violation of 21 U.S.C. § 846 (Count 3); distribution and possession with intent to distribute crack cocaine and marijuana in violation of 21 U.S.C. § 841 (Count 4); and possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5) (Count 5). (Doc. 64.)

This court imposed a prison term of 420 months consisting of 360 months on Counts 1, 3, and 4 and 120 months on Count 5 to run concurrent with one another, and 60 months on Count 2 to run consecutive to the other counts. As to

Count 1, Defendant was found to have two prior drug offenses and a prior violent felony (aggravated assault) and sentenced under the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)). This subjected Defendant to a mandatory minimum term of incarceration of 15 years with a maximum of life. Without the application of the ACCA, he would have been subject to a statutory minimum of 10 years.

Defendant alleges that the aggravated assault in Adams County does not qualify as a violent felony and, therefore, his sentence on Count 1 violated due process.

The government seeks denial of the requested relief for the following reasons: (1) the court lacks jurisdiction because Defendant has not made the showing required to present a successive § 2255 motion; (2) the concurrent sentence doctrine counsels against adjudicating Defendant's claim; and (3) Defendant's challenged conviction remains valid. (Doc. 164.)

## II.    Discussion

This motion will be disposed of under the concurrent sentence doctrine. "[A] federal court may decline to review an alleged error where concurrent sentences were imposed on separate counts, where the alleged error is associated with only one count, and where the remaining sentences are unassailable." *Nosov v. Schuylkill FCI*, 634 Fed. App'x 379, 380 (3d Cir. 2016) (citing *United States v. McKie*, 112 F.3d 626, 628 n.4 (3d Cir. 1997).

This court recognizes this doctrine should be applied only where it is apparent that the defendant will not suffer collateral consequences from the unreviewed conviction. *United States v. Clemons*, 843 F.2d 741, 743 n.2 (3d Cir. 1988). Defendant has not shown any continuing collateral consequences now or in the future. His lengthy criminal history, his multiple convictions in this case, and his concurrent and consecutive convictions undermine any collateral consequences in the future.

Based on the foregoing, Defendant is ineligible for relief under § 2255. An appropriate order will issue.

s/Sylvia Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: November 8, 2016