IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:06-cr-266 |
| | : | |
| v. | : | |
| | : | |
| ANTHONY WHITE | : | Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Presently before the court is Defendant Anthony White's Motion for Resentencing under Section 404 of the First Step Act of 2018, § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222. (Doc. 219.) While the Government agrees that White is eligible for a First Step Act sentence reduction, it contends the court should decline to reduce White's sentence after considering the factors under 18 U.S.C. § 3553(a). For the reasons that follow, the court will not reduce White's sentence.

**I.   Background**

White was originally indicted on August 2, 2006, for offenses related to his involvement in drug trafficking and possession of firearms between the spring of 2004 and March 15, 2006. A superseding indictment was eventually filed, charging White with the following: possession of firearms and ammunition by a person having been previously convicted of three or more violent felonies or serious drug offenses, in violation of 18 U.S.C. § 922(g)(1) and § 924(e) (Count 1); possessing, using, carrying, and brandishing firearms in furtherance of and during and in relation to

1

drug trafficking crimes and aiding and abetting such conduct, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii) and § 2 (Count 2); conspiracy to manufacture, distribute, and possess with intent to distribute 50 grams and more of crack cocaine and marijuana, in violation of 21 U.S.C. § 846 (Count 3); manufacturing, distributing, and possessing with intent to manufacture and distribute 50 grams and more of crack cocaine and marijuana and aiding and abetting in such conduct, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 4); and possession of a firearm and ammunition by an individual being illegally and unlawfully in the United States, in violation of 18 U.S.C. § 922(g)(5)(A). (Doc. 28.)

In Count I, the Government included three prior convictions that qualified White for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e): possession with intent to deliver a controlled substance in Franklin County (2004); aggravated assault in Adams County (2003); and possession with intent to deliver (1998). (Doc. 28.) Prior to trial, the Government filed an information under 21 U.S.C. § 851, charging White with two prior drug convictions and indicating its intent to seek a mandatory sentence of life imprisonment upon conviction or a guilty plea to 21 U.S.C. § 841(a). (Doc. 53.)

White pleaded not guilty and proceeded to a bench trial wherein the court found him guilty on all counts. (Docs. 28, 64.) The court specifically found that White possessed 186.6 grams of crack cocaine and 17.9 grams of marijuana. (Doc.

64 at p. 14.) The court further found that White had three prior felony convictions and was an armed career criminal. (*Id.* at pp. 3-4.)

In a presentence report ("PSR") prepared in preparation for sentencing, the probation officer determined that, based on the weight of the drugs, White had a base offense level of 34. (PSR at ¶ 24). No other specific offense characteristics or adjustments were applied. (PSR ¶¶ 25-30). Because White was determined to be both an armed career criminal and a career offender, his offense level was increased from 34 to 37 under Section 4B1.4. (PSR at ¶¶ 31-33). Due to the Section 924(c) conviction, the probation officer calculated White's Guideline range as 420 months to life. (PSR at ¶¶ 34-35). However, the probation officer erroneously omitted references to both the enhanced penalties pursuant to 21 U.S.C. § 851 and the ACCA. (Doc. 222 at p. 1.) The Government did not object to the PSR. (*See* PSR – Addendum.)

At sentencing, the Government advocated for the mandatory life sentence pursuant to the 21 U.S.C. § 851 information. (Doc. 92 at p. 5.) The court, however, declined to impose a life sentence, and instead sentenced White to an aggregate term of imprisonment of 420 months, 360 months on Counts 1, 3, and 4, and 120 months on Count 5 to run concurrently, and 60 months on Count 2 to run consecutive to all other counts. (Doc. 92 at p. 6.) The court also sentenced White to a term of 5 years of supervised release. (Doc. 74 at 3.)

The Third Circuit affirmed White's conviction on direct appeal. *United States v. White*, 320 F. App'x 120 (3d Cir. 2008). White subsequently filed multiple motions under 28 U.S.C. § 2255(Docs. 113, 153, 186) as well as a motion for compassionate release (Doc. 194), which the court denied (Docs. 128, 173, 193, 203).

White now moves the court for a sentence reduction pursuant to Section 404 of the First Step Act. The motion is fully briefed and ripe for disposition.

**II.    Discussion**

The First Step Act authorizes federal district courts to impose a reduced sentence for covered crack cocaine offenses where the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, §§ 2-3, would have applied had that act been in effect when the covered offense was committed. *See* First Step Act § 404(b), 132 Stat. at 5222. The First Step Act defines a "covered offense" as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* at 404(a). Section 2 of the Fair Sentencing Act, in turn, reduced the disparity that existed between sentences imposed for the distribution of cocaine in powder form and the distribution of substances containing cocaine base, i.e., crack cocaine, by amending 21 U.S.C. § 841(b)(1), the sentencing scheme for controlled substance offenses. Prior to the Fair Sentencing Act, a 10-

year-to-life sentencing range under 21 U.S.C. § 841(b)(1)(A)(iii) was triggered if the offense involved 50 grams or more of a substance containing crack cocaine. The Fair Sentencing Act increased that threshold to 280 grams or more of such a substance. The Fair Sentencing Act also increased the 5-to-40-year sentencing range under 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams or more to 28 grams or more of a substance containing crack.

White contends, and the Government does not dispute, that he is eligible to seek relief under the First Step Act because, prior to August 3, 2010, he committed a violation of 21 U.S.C. 841(a), and the statutory penalties for that conviction were modified by Section 2 of the Fair Sentencing Act. *See United States v. Wirsing*, 943 F.3d 175, 186 (2019); *United States v. Rose*, 379 F. Supp. 3d 223, 228 (S.D.N.Y. 2019). The categorical limitations on Section 404(c) do not apply to White and his sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act.

Whether White is entitled to a sentence reduction, however, is a separate question. A court may impose a reduced sentence "as if sections 2 and 3 of the [FSA] were in effect at the time the covered offense was committed." FSA § 404(b). This provision grants discretion to the sentencing court but does not require the court to reduce the sentence of an eligible defendant.

Here, applying the current Sentencing Guidelines to the statutes of conviction and the quantities of drug charged in the Superseding Indictment and found by the court yields the following analysis. The Grand Jury attributed more than 50 grams of crack cocaine and marijuana to White and the court found that White distributed 186.6 grams of crack cocaine and 17.9 grams of marijuana as to Counts 3 and 4 beyond a reasonable doubt. *See United States v. Powell*, 360 F. Supp. 3d 134, 139 (N.D.N.Y. 2019) ("The drug type and quantity used to set the statutory range under the First Step Act is the quantity charged in the indictment and found by the jury beyond a reasonable doubt.") Although the First Step Act increased the threshold for 10-year-to-life sentences from 50 to 280 grams or more, the Government filed an information charging prior convictions under 21 U.S.C. § 851, making the life sentence mandatory. At sentencing, however, the court did not impose a life sentence. Without the § 851 information, White's Guideline range sentence for Counts 3 and 4 would be 5 to 40 years, rather than 10 years to life. Appropriately, the Probation Office provided Guidelines recalculations both with and without the § 851 enhancements.

Including the enhanced penalties pursuant to the § 851 information, White's Guidelines range sentence remains 420 months to life. (Doc. 222 at p. 6.) The quantity of drugs, his status as an armed career criminal and career offender under the Guidelines renders an offense level of 37, which, combined with his criminal

6

history category of IV yields a Guidelines range of 360 months to life on Counts 1, 3, 4, and 5. (*Id.* at p. 4.) Count 2 and its required mandatory consecutive minimum under 18 U.S.C. § 924(c) of 60 months brings the total Guidelines range to 420 months to life. (*Id.*) Without the enhanced penalties, White's Guidelines range is 360 months to life. (*Id.* at p. 6.) As the Government correctly points out, White's current sentence would remain within the Guidelines range regardless of whether the § 851 enhancements apply. (Doc. 224 at p. 6.)

Moving to the 18 U.S.C. 3553(a) factors, the court continues to view the original 420 month to life sentence as appropriate. White's educational achievements while incarcerated are worthy of praise. He has obtained a GED, completed no less than thirty courses, and has obtained multiple certificates in college level courses. (Doc. 223 at p. 18.) However, White's offense conduct was incredibly serious, the offenses were committed while he was on supervision, and he was convicted of three firearms-related offenses. He has served less than half of his sentence and has committed multiple disciplinary infractions while incarcerated. The court therefore views White as a continued danger to the community.

As such, the court declines to exercise its discretion to reduce White's sentence.

## III.   **Conclusion**

For the reasons set forth, White's motion for a resentencing hearing will be denied.

/s/ Sylvia H. Rambo<br>
Sylvia H. Rambo<br>
United States District Judge

Dated: April 25, 2024