**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO. 1:06-cr-00266 |
| ANTHONY JEROME WHITE, | (SAPORITO, J.) |
| Defendant. | |

# ORDER

Anthony Jerome White has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 231). Because this motion is in substance an unauthorized successive petition for relief under 28 U.S.C. § 2255, we will deny the motion for lack of jurisdiction.

White is serving an aggregate term of 420 months imprisonment for a series of offenses related to drug trafficking and possession of firearms. *See* (Doc. 74; Doc. 225 at 1-3). He seeks relief from the Court's November 8, 2016, order denying his motion to vacate his sentence pursuant to Section 2255. In that motion, he argued that his sentence was invalid because his conviction for aggravated assault had been wrongly classified as a violent felony. Judge Sylvia H. Rambo denied the motion based on the concurrent sentence doctrine: "[A] federal court may decline to review an alleged error where concurrent sentences were

imposed on separate counts, where the alleged error is associated with only one count, and where the remaining sentences are unassailable." (Doc. 172 at 2 (quoting *Nosov v. Schuylkill FCI*, 634 Fed. App'x 379, 380 (3d Cir. 2016)). On appeal, the Third Circuit affirmed and further explained that White was not entitled to relief on the merits because his conviction was properly classified as a violent felony. *See* (Doc. 184-1).

White now seeks relief from the district court's order; however, a court cannot consider repeated requests for relief under Section 2255 unless the movant has been authorized to seek such relief by the court of appeals. *See* 28 U.S.C. §§ 2244(b), 2255(h). Therefore, any Rule 60 motion that challenges a prior Section 2255 proceeding must challenge "some defect in the integrity of the federal habeas proceedings," rather than "the substance of the federal court's resolution of a claim on the merits." *See Gonzalez v. Crosby,* 545 U.S. 524, 530-32 (2005).

In this case, although White's motion uses the language of Rule 60, it is apparent that this was "a tactic to bring the issues under Rule 60 and circumvent the rules regarding second or successive [Section 2255]

motions."[1] *United States v. Donahue*, 733 F. App'x 600, 603 (3d Cir. 2018). First, White argues that "the District Court may have committed inadvert[e]nce" in declining to review his claim on the merits. He offers no explanation for this speculative statement, and we find no evidence that the November 2016 order reflected "inadvertence."

Second, he makes the following argument:

> Under Rule 60(b)(3), Fraud or Prejudice permitted by the District Court and Counsel who represented Petitioner's *Johnson* claim for which the Middle District of Pennsylvania did knowingly identify the error, or refused to correct the error . . . Attorney was ineffective by misrepresentation when Attorney did not present the sentencing package doctrine and the case law supporting it to Judge Rambo . . . Judgment is void when the Court and the Third Circuit disguises their scheme of disregarding *United States v. Johnson*.

*See* (Doc. 231 at 3-4).[2] White's disagreements with the courts' decisions

---

[1] Further, White mailed this motion on June 17, 2026, almost ten years after the order in question. As relevant here, that would preclude any relief premised on "inadvertence," "fraud," or "misrepresentation" under Rules 60(b)(1) and (3). *See* Fed. R. Civ. P. 60(c)(1).

[2] White's motion contains stray references to other issues, including an allegation that he was sentenced based on a "fictitious report . . . designed to secure a conviction" and suffered "discrimination because of race difference" in plea negotiations. For the reasons explained in this order, these arguments about his original convictions and sentence are not a basis for relief under Rule 60.

and his attempts to present new arguments are not issues of "fraud" or "misrepresentation." *See Donahue*, 733 F. App'x at 603; *Golson v. United States*, No. 1:10-CR-339, 2019 WL 2054356, at *3 (M.D. Pa. May 9, 2019). Nor can he seek relief under Rule 60(b) by pointing to counsel's failure to raise a particular argument.[3] *See Gonzalez*, 545 U.S. at 530-31 (a new claim for relief premised on habeas counsel's "excusable neglect" should be treated as a successive habeas petition).

White has not demonstrated that he is entitled to file a second or successive petition under Section 2255, and he does not present a new rule of constitutional law or newly discovered evidence that would justify transferring his motion to the court of appeals. *See* 28 U.S.C. §§ 1631, 2255(h); *Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010). Accordingly, because the Court lacks jurisdiction to consider the requested relief, White's motion (Doc. 231) is **DENIED**.

Dated: October 20, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge

[3] To the extent White asserts a constitutional claim of ineffective assistance of counsel, that claim is without merit; a litigant has no Sixth Amendment right to counsel in a Section 2255 proceeding (*see* 28 U.S.C. § 2255(g); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)), and any perceived error by counsel is moot because White was not entitled to relief for the reasons explained by the Third Circuit.